1 | Deborah Greaves (CA 186454)
2 | deborah.greaves@withersworldwide.com
   | Robert L. Rispoli (CT 20661)
3 | robert.rispoli@withersworldwide.com
4 | **Withers Bergman LLP**
   | 10250 Constellation Blvd., Suite 1400
5 | Los Angeles, California 90067
6 | Telephone:  310.277.9930
   | Facsimile:   310.277.9935
7 |
8 | Attorneys for Plaintiffs, Original Beauty
   | Technology Co., Ltd., Linhope
9 | International Ltd., House of CB USA,
10 | LLC and Sirens Design, LLC
11 |
12 | **UNITED STATES DISTRICT COURT**
13 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
14 |

| | |
|---|---|
| ORIGINAL BEAUTY TECHNOLOGY CO., LTD., LINHOPE INTERNATIONAL LTD., HOUSE OF CB USA, LLC, AND SIRENS DESIGN, LLC, | **Case No.   2:22-cv-00686** |
| Plaintiffs, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| OH POLLY USA, INC., OH POLLY LTD., THE BRANNERSON COMPANY HOLDINGS LTD, CLAIRE LORRAINE HENDERSON AND MICHAEL JOHN BRANNEY | |
| Defendants. | **JANUARY 31, 2022** |

1

2
## NATURE OF THE CASE

3      Plaintiffs Original Beauty Technology Co., Ltd., Linhope International Ltd.,

4  House of CB USA, LLC and Sirens Design, LLC (collectively referred to herein as

5  "Plaintiffs") seek redress of their claims against Oh Polly USA, Inc., Oh Polly Ltd.,

6  The Brannerson Company Holdings Ltd., Claire Lorraine Henderson in an individual

7  capacity, and Michael Branney in an individual capacity (collectively referred to

8  herein as "Defendants") for: (i) under the Lanham Act, 15 U.S.C. § 1125(a), false or

9  misleading representations of fact in connection with Defendants' false designation

10 of origin and false descriptions of their designs in the commercial marketing of their

11 designs; (ii) under the Lanham Act, 15 U.S.C. § 1125(c), dilution by tarnishment of

12 Plaintiffs' House of CB Brand; (iii) pursuant to Cal. Bus. & Prof. Code §§ 17000 *et*

13 *seq*., violations of the California Unfair Practices Act; (iv) negligent interference with

14 prospective economic relations; and (v) the common law tort of unfair competition.

15      Defendants have engaged in unfair competition practices, often synopsized as

16 the "springboard doctrine," by misappropriating and using Plaintiffs' brand as a

17 springboard to place themselves into a more well-known and profitable position than

18 they would have achieved from the use of their own independent skill and ingenuity.

19 Very soon after Defendants started their business, they completely altered their

20 business model, including *inter alia* their garment designs, marketing campaigns and

21 social media presence, to mimic Plaintiffs' distinctive House of CB Brand.

22 Defendants' misappropriation and use of Plaintiffs' House of CB Brand provided

23 Defendants with instant recognition in the subject marketplace and by the subject

24 demographic.  Such similarities of Defendants' then-new brand to Plaintiffs' well-

25 known House of CB Brand allowed Defendants to springboard into the marketplace

26 and usurp Plaintiffs' prospective sales by offering look-alike yet significantly cheaper

27 products which diluted Plaintiffs' House of CB Brand.  Defendants hired the same

28 models, make-up artists and photographers used by Plaintiffs to emulate Plaintiffs'

House of CB Brand, and Defendants even used the same photoshoot locations used by Plaintiffs in their marketing campaigns.

In support of these claims, Plaintiffs allege and state as follows:

## **PARTIES**

1.     Plaintiff Original Beauty Technology Co., Ltd. ("OBTC") is a limited company, duly organized and validly existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with its principal place of business located at Unit 1806, 18/F, Singga Commercial Centre, 144-151 Connaught Road West, Hong Kong.

2.     Plaintiff Linhope International Ltd. ("Linhope") is a limited company organized and validly existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China ("Hong Kong") with its registered office located at Unit 1806, 18/F, Singga Commercial Centre, 144-151 Connaught Road West, Hong Kong.

3.     Plaintiff House of CB USA, LLC ("CB USA") is a limited liability company, duly organized and validly existing under the laws of the State of Nevada, with its principal place of business located at 7484 W. Sahara Avenue, Las Vegas, NV 89117.

4.     Plaintiff Sirens Design, LLC ("Sirens Design") is a limited liability company, duly organized and validly existing under the laws of the State of California, with its principal place of business located at 8448 Melrose Avenue, West Hollywood, California 90069.

5.     Plaintiffs OBTC, Linhope, CB USA and Sirens Design are affiliated entities.

6.     Defendant Oh Polly USA, Inc. ("Oh Polly") is a California domestic stock entity.

7.     Defendant Oh Polly has a principal office located in Los Angeles County at 839 N. Gardner Street, Los Angeles, California, 90046.

8.     Defendant Oh Polly has an entity address and mailing address of 175 West George Street, Floor 2, Glasgow, Scotland G2 3LB.

9.     Defendant Oh Polly Ltd. ("Oh Polly Scotland") is a private limited company registered in Scotland having a registered address of 175 West George Street, Floor 2, Glasgow, Scotland, G2 2LB.

10.    The Brannerson Company Holdings Limited ("Brannerson Scotland") is a private limited company registered in Scotland having a registered address of 175 West George Street, Floor 2, Glasgow, Scotland, G2 2LB.

11.    Defendant Claire Lorraine Henderson ("Henderson") is an individual domiciled in Los Angeles County residing at 839 N. Gardner Street, Los Angeles, California, 90046.

12.    Defendant Michael John Branney ("Branney") is an individual domiciled in Scotland and having a correspondence address of 175 West George Street, Floor 2, Glasgow, Scotland, G2 2LB.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a) because Plaintiffs' claims herein arise out of federal trademark laws as codified at 15 U.S.C. §§1125.

14.    This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1338(b) because Plaintiffs assert a claim herein of unfair competition joined with a substantial and related claim under the federal trademark laws.

15.    This Court has supplemental jurisdiction over Plaintiffs' claims arising under common law or state law pursuant to 28 U.S.C. §1367(a) because such claims are so related to Plaintiffs' federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

16.    This Court has personal jurisdiction over Defendant Oh Polly pursuant to Cal. Code Civ. Pro. §395.5 because its principal place of business is situated in Los Angeles County.

17. This Court has personal jurisdiction over Defendant Henderson pursuant to Cal. Code Civ. Pro. §395(a) because she resides in Los Angeles County at the commencement of the instant action.

18. This Court has personal jurisdiction over non-residents Defendants Oh Polly Scotland, Brannerson Scotland and Branney pursuant to Cal. Code Civ. Pro. §410.10 because Defendants Oh Polly Scotland and Brannerson Scotland have themselves established minimum contacts with California such that exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

19. This Court has personal jurisdiction over non-resident Defendants Oh Polly Scotland, Brannerson Scotland and Branney pursuant to Cal. Code Civ. Pro. §410.10 because they have entered and continue to enter into sales contracts with residents of California.

20. This Court has personal jurisdiction over non-resident Defendants Oh Polly Scotland, Brannerson Scotland and Branney pursuant to Cal. Code Civ. Pro. §410.10 because the actions of Defendants Oh Polly Scotland and Brannerson Scotland as alleged herein caused harm that they knew, or could reasonably have been expected to know, was likely to be suffered in California.

21. Venue in this judicial district is proper for these claims pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Oh Polly has a principal place of business situated in Los Angeles County and Defendant Henderson resides in Los Angeles County.

## **GENERAL ALLEGATIONS**

22. Plaintiffs are well known throughout the international fashion industry for designing and selling distinctive women's fashions including, *inter alia*, garments, undergarments, footwear and accessories.

23. Linhope's business was launched via an eBay store named CelebBoutique in 2009 by Ms. Connor Walker.

24. The CelebBoutique business was rebranded as HOUSE OF CB in 2014.

25. In their businesses, Plaintiffs use HOUSEOFCB and HOUSE OF CB interchangeably.

26. Linhope is the applicant of three pending U.S. trademark applications for the mark HOUSEOFCB and a fourth pending U.S. trademark application for the mark HOUSEOFCB LONDON.

27. Linhope is the applicant of four pending U.S. trademark applications for the mark MISTRESS ROCKS.

28. Linhope is the owner of several international HOUSEOFCB trademark registrations and pending applications.

29. Linhope International (UK) Limited is an affiliate of Linhope, is not a plaintiff in this action, and owns a foreign HOUSEOFCB trademark registration.

30. As a result of Plaintiffs' continued use of the trademarks HOUSEOFCB, HOUSEOFCB LONDON and MISTRESS ROCKS ("Plaintiffs' Marks"), both in the United States and internationally, Plaintiffs' Marks have acquired distinctiveness and associated goodwill with consumers throughout the world and, as a result, constitute famous marks.

31. Plaintiffs have globally and persistently enforced their rights in Plaintiffs' Marks.

32. On June 24, 2021, Plaintiffs initiated an action in U.S. District Court, District of Connecticut (New Haven), Case No: 3:21-cv-00871-VLB, captioned LINHOPE INTERNATIONAL LTD., HOUSE OF CB USA, LLC, SIRENS DESIGN, LLC, AND ORIGINAL BEAUTY TECHNOLOGY CO., LTD. v. JIANQING LTD. AND JIANQING CHEN ("Plaintiffs v. Jianqing").

33. A true and accurate copy of the Civil Docket for Case No. 3:21-cv-00871-VLB, Plaintiffs v. Jianqing, is attached hereto and made a part hereof as **Exhibit A**.

34. In Plaintiffs v. Jianqing, Plaintiffs sought redress of their claims against Jianqing for: (i) under the Lanham Act, 15 U.S.C. §§ 1051 et seq., false

designation of origin of counterfeit goods, cyberpiracy, cancellation of trademark registrations and final refusal of trademark applications; (ii) under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 207, compliance of foreign arbitral awards; (iii) pursuant to the principles of comity, compliance with the judgment of the UK High Court; (iv) pursuant to Conn. Gen. Stat. §§ 42-110a and 110b, violations of the Connecticut Unfair Trade Practices Act; (v) pursuant to Conn. Gen. Stat. §42-110g, statutory punitive damages for unfair trade practices; and (vi) Connecticut Common Law Trademark Infringement.

35. A true and accurate copy of the Complaint filed by Plaintiffs in *Plaintiffs v. Jianqing* is attached hereto and made a part hereof as **Exhibit B**.

36. In *Plaintiffs v. Jianqing*, Plaintiffs showed that Jianqing owned two U.S. Trademark Registrations and nine U.S. Trademark Applications that imitated and infringed Plaintiffs' Marks.

37. Plaintiffs' Marks constitute famous marks because such marks have been imitated by others, for profit, and "[i]mitation is the sincerest form of flattery that mediocrity can pay to greatness."[1]

38. In *Plaintiffs v. Jianqing*, Plaintiffs sought cancellation of Jianqing's two U.S. Trademark Registrations and final refusal of Jianqing's nine U.S. Trademark Applications.

39. Since the initiation of *Plaintiffs v. Jianqing*, five of Jianqing's U.S. Trademark Applications have been abandoned by Jianqing and the remaining four have been suspended by the U.S. Patent and Trademark Office (USPTO).

40. The status as of January 25, 2022 of the Jianqing's two U.S. Trademark Registrations and nine U.S. Trademark Applications is shown in tabular form in **Exhibit C** attached hereto and made a part hereof.

---

[1] Oscar Wilde

41. On October 4, 2021, the U.S. District Court, District of Connecticut (New Haven) entered an Order in Plaintiffs v. Jianqing granting Plaintiffs' Motion for Entry of Default. *See* Exhibit A, Doc. No. 021.

42. On November 10, 2021, Plaintiffs filed a Motion for Default Judgment in Plaintiffs v. Jianqing. *See* Exhibit A, Doc. Nos. 024 and 025.

43. The following constitute Plaintiffs' Trade Dress, all of which are described in detail in respective allegations herein below: (i) Plaintiffs' distinctive garment and fashion designs; (ii) Plaintiffs' distinctive packaging; (iii) Plaintiffs' design and layout, look and feel, concept, style, color scheme, presentation and content of their websites; (iv) the style of Plaintiffs' photoshoots; and (v) Plaintiffs' presentation of their designs using flatlays.

44. Plaintiffs' Marks and Plaintiffs' Trade Dress constitute Plaintiffs' House of CB brand and are collectively referred to herein above and below as "Plaintiffs' House of CB Brand."

45. Plaintiffs' distinctive garment and fashion designs, as described in detail in respective allegations herein below, are aesthetically and artistically inventive and thus are nonfunctional with respect to same.

46. Plaintiffs' distinctive packaging comprises unique simplicity and voguish style, as described in detail in respective allegations herein below, and thus is nonfunctional with respect to same.

47. Plaintiffs' design and layout, look and feel, concept, style, color scheme, presentation and content of their websites, as described in detail in respective allegations herein below, are aesthetically and artistically pleasing and thus are nonfunctional with respect to same.

48. Plaintiffs' style of their photoshoots, including but not limited to the images and look of the models, the models themselves and the locations of the photoshoots, as described in detail in respective allegations herein below, are

aesthetically and artistically inventive and thus are nonfunctional with respect to same.

49. Plaintiffs' presentation of their designs using flatlays, as described in detail in respective allegations herein below, is aesthetically and artistically pleasing and thus is nonfunctional with respect to same.

50. Plaintiffs' Trade Dress serves a source-identifying role because it is inherently distinctive and has acquired secondary meaning amongst consumers of distinctive women's fashions including, *inter alia*, garments, undergarments, footwear and accessories.

51. Under license from Plaintiff Linhope, Plaintiff Sirens Design owns and operates the HOUSE OF CB retail store located at 8448 Melrose Avenue, West Hollywood, California 90069.

52. Plaintiffs' House of CB Brand includes distinctive women's fashions designed solely for Plaintiffs by an affiliate in London, namely Sirens Design Ltd., who assigns all rights in its designs to Plaintiff OBTC.

53. Sirens Design sells Plaintiffs' distinctive women's fashions under Plaintiffs' House of CB Brand in its West Hollywood, CA retail store.

54. Under license from Linhope, CB USA owns and operates the HOUSE OF CB retail store located in Las Vegas, NV (temporarily closed due to casualty).

55. CB USA sells Plaintiffs' distinctive women's fashions under Plaintiffs' House of CB Brand in its Las Vegas, NV retail store.

56. CB USA also engages in concession sales of Plaintiffs' distinctive women's fashions under Plaintiffs' House of CB Brand.

57. Under license from Linhope, OBTC owns and operates the websites located at URLs www.celebboutique.com, www.houseofcb.com and www.mistressrocks.com.

58. The URL www.celebboutique.com redirects to the URL www.houseofcb.com.

59. OBTC sells Plaintiffs' distinctive women's fashions under Plaintiffs' House of CB Brand via the websites located at URLs www.houseofcb.com and www.mistressrocks.com.

60. Plaintiffs' distinctive women's fashions include bandage and bodycon dresses.

61. Plaintiffs' distinctive women's fashions are marketed substantially to women aged 17-34 who are interested in celebrity pop culture, fashion and social media.

62. Plaintiffs' House of CB Brand is popular with celebrities, and photographs of celebrities wearing Plaintiffs' distinctive women's fashions regularly appear in the press, on the internet and in social media.

63. Celebrities photographed wearing Plaintiffs' distinctive women's fashions include Jennifer Lopez and members of the Kardashian family.

64. Linhope's HOUSEOFCB Instagram account presently has about 3.2 million followers.

65. Plaintiffs' websites located at URLs www.celebboutique.com, www.houseofcb.com and www.mistressrocks.com, through which Plaintiffs sell their distinctive women's fashions under Plaintiffs' House of CB Brand, receive millions of views per year.

66. In 2018, Linhope's sales in the U.S. through its licensed retail stores and concessions totaled approximately $10,809,323.00.

67. In 2018, Linhope's sales in the U.S. through its website totaled approximately $10,735,776.00.

68. In 2019, Linhope's sales in the U.S. through its licensed retail stores and concessions totaled approximately $7,686,085.00.

69. In 2019, Linhope's sales in the U.S. through its website totaled approximately $16,294,985.00.

70. In 2020, Linhope's sales in the U.S. through its licensed retail stores and concessions totaled approximately $7,424,625.00

71. In 2020, Linhope's sales in the U.S. through its website totaled approximately $14,028,448.00.

72. Plaintiffs invest and continue to invest significant time and money in the process of designing and marketing their distinctive women's fashions.

73. Plaintiffs' designs for garments, undergarments, footwear and accessories have acquired distinctiveness and associated significant and valuable goodwill with consumers in the U.S. and internationally.

74. In particular, Plaintiffs' designs for bandage and bodycon dresses have acquired distinctiveness and associated significant and valuable goodwill with consumers in the U.S. and internationally.

75. Plaintiffs have invested and continue to invest significant time and money in the marketing, promotion and sales of their distinctive women's fashions under Plaintiffs' House of CB Brand.

76. Plaintiffs' House of CB Brand has acquired distinctiveness and associated significant and valuable goodwill with consumers in the U.S. and internationally.

77. Plaintiffs have globally and persistently enforced their rights in Plaintiffs' House of CB Brand.

78. Defendant Oh Polly was incorporated by Defendant Branney on March 21, 2018.

79. Defendant Henderson is the Chief Executive Officer, a Director and a shareholder of Defendant Oh Polly.

80. Defendant Branney is the Secretary, a Director and a shareholder of Defendant Oh Polly.

81. Defendants Henderson and Branney are Directors of Defendant Oh Polly Scotland.

82. Defendants Henderson and Branney are Directors of Defendant Brannerson Scotland.

83.    Defendants Henderson and Branney exercise significant influence or control over Defendants Oh Polly and Oh Polly Scotland.

84.    Defendants Henderson and Branney were shareholders of Oh Polly Scotland until about May 1, 2020.

85.    On or about May 1, 2020, Defendants Henderson and Branney transferred all of their respective shares of Defendant Oh Polly Scotland to Defendant Brannerson Scotland.

86.    Defendants Henderson and Branney own U.S. Trademark Registration No. 6,044,647 for the mark OH POLLY for use in connection with clothing and apparel.

87.    Defendants Henderson and Branney allow Defendant Oh Polly and Defendant Oh Polly Scotland to offer for sale and sell their products under the mark OH POLLY of U.S. Trademark Registration No. 6,044,647.

88.    Defendant Oh Polly and Defendant Oh Polly Scotland offer for sale and sell their products under an Oh Polly brand (the "Oh Polly Brand") that includes online retail sales conducted over the Internet and a social media presence.

89.    Defendant Oh Polly and Defendant Oh Polly Scotland offer for sale and sell their products to residents of California through the knowing and repeated transmission of information over the Internet to residents of California.

90.    Defendant Oh Polly Scotland owns the website located at URL www.ohpolly.com (the "Oh Polly Website").[2]

91.    The Privacy Policy of the Oh Polly Website identifies Oh Polly Scotland as the website's data controller.[3]

---

[2] Registration of the website located at URL www.ohpolly.com is administered by Domains By Proxy, LLC, a Delaware limited liability company registered to conduct business in Arizona as a foreign limited liability company having an office located at 8825 N 23rd Avenue, Suite 100, Phoenix, AZ, 85021.

[3] Reference https://www.ohpolly.com/privacy (last accessed August 23, 2021).

92.  Article 1 of the Terms and Conditions of the Oh Polly Website recite " 'The Company', 'Ourselves', 'We' and 'Us', refers to our Company; Oh Polly Ltd, Registered in Scotland with the Company number SC504402."[4]

93.  Article 2.1 of the Terms and Conditions of the Oh Polly Website recites "Orders placed by you on the website www.ohpolly.com (the 'Website') for the products offered by us through the website are only an offer to conclude a sales contract. The sales contract is entered into upon the confirmation of the order by e-mail by us to you."[5]

94.  Defendant Oh Polly and/or Defendant Oh Polly Scotland have entered at least one sales contract, as that term is defined in Article 2.1 of the Terms and Conditions of the Oh Polly Website, with a resident of California.

95.  On information and belief, Defendant Oh Polly and/or Defendant Oh Polly Scotland have entered numerous sales contracts, as that term is defined in Article 2.1 of the Terms and Conditions of the Oh Polly Website, with residents of California.

96.  Defendant Henderson designs garments offered for sale by Defendant Oh Polly and Defendant Oh Polly Scotland.

97.  Defendant Henderson designs garments offered for sale via the website located at URL www.ohpolly.com.

98.  Between August 2015 and January 2018, Defendant Henderson was designing 40 to 50 garments per month.

99.  Defendant Henderson maintained an archive of images of tens of thousands of third party garment designs, potentially as many as 50,000 images that she had downloaded from the Internet.

---

[4] Reference https://www.ohpolly.com/terms-and-conditions (last accessed August 23, 2021).

[5] Reference https://www.ohpolly.com/terms-and-conditions (last accessed August 23, 2021).

100. To design a garment, Defendant Henderson would research fashion trends and then conceptualize an appearance of her own design.

101. Defendant Henderson used the images from her archive of images as well as images obtained from then-conducted internet searches as a reference point for the design of the garment she had conceptualized and wanted to produce.

102. Defendant Henderson copied at least seventeen of Plaintiffs' distinctive women's fashion designs.

103. Defendant Henderson obtained images of Plaintiffs' distinctive women's fashion designs and sent such images directly to a factory to produce corresponding garments to be sold by Defendant Oh Polly.

104. Defendant Henderson made false or misleading representations of fact in connection with her overall design process.

105. Defendant Henderson made false or misleading representations of fact in connection with her design of particular garments which were copied from, or substantially similar to, Plaintiffs' distinctive women's fashion designs.

106. Defendant Henderson intentionally deceived third parties about her overall design process through Defendant Oh Polly and/or Defendant Oh Polly Scotland.

107. Defendant Henderson intentionally deceived third parties through Defendant Oh Polly and/or Defendant Oh Polly Scotland about her design of particular garments which were copied from, or substantially similar to, Plaintiffs' distinctive women's fashion designs.

108. Defendant Henderson made false or misleading representations of fact through Defendant Oh Polly and/or Defendant Oh Polly Scotland in connection with her design of the garment marked D1 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P1, as can be seen here:

1

2

3

4

5

6

7

8

P1 (Plaintiffs' Design)                    D1 (Defendant's Design)

     

109.   Defendant Henderson intentionally deceived third parties through Defendant Oh Polly and/or Defendant Oh Polly Scotland about her design of the garment marked D1 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P1, both as shown in the preceding paragraph.

110.   Defendant Henderson downloaded an image of Plaintiffs' distinctive garment design marked P1 from YouTube and had it sent directly to a factory to produce corresponding garments to be sold by Defendant Oh Polly and/or Defendant Oh Polly Scotland.

111.   Defendant Henderson made false or misleading representations of fact through Defendant Oh Polly and/or Defendant Oh Polly Scotland in connection with her design of the garment marked D2 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P2, as can be seen here:

P2 (Plaintiffs' Design)                    D2 (Defendant's Design)



112.   Defendant Henderson intentionally deceived third parties through Defendant Oh Polly and/or Defendant Oh Polly Scotland about her design of the garment marked D2 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P2, both as shown in the preceding paragraph.

113.   Defendant Henderson made false or misleading representations of fact through Defendant Oh Polly and/or Defendant Oh Polly Scotland in connection with her design of the garment marked D3 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P3, as can be seen here:

P3 (Plaintiffs' Design)                    D3 (Defendant's Design)



114.   Defendant Henderson intentionally deceived third parties through Defendant Oh Polly and/or Defendant Oh Polly Scotland about her design of the garment marked D3 which was copied from, and is substantially similar to, Plaintiffs'

1    distinctive garment design marked P3, both as shown in the preceding

2    paragraph.

3    115.   Defendant Henderson made false or misleading representations of fact through

4    Defendant Oh Polly and/or Defendant Oh Polly Scotland in connection with

5    her design of the garment marked D4 which was copied from, and is

6    substantially similar to, Plaintiffs' distinctive garment design marked P4, as can

7    be seen here:

8          P4 (Plaintiffs' Design)                  D4 (Defendant's Design)

9

10      

11

12

13

14

15   116.   Defendant Henderson intentionally deceived third parties through Defendant

16   Oh Polly and/or Defendant Oh Polly Scotland about her design of the garment

17   marked D4 which was copied from, and is substantially similar to, Plaintiffs'

18   distinctive garment design marked P4, both as shown in the preceding

19   paragraph.

20   117.   Defendant Henderson made false or misleading representations of fact through

21   Defendant Oh Polly and/or Defendant Oh Polly Scotland in connection with

22   her design of the garment marked D5 which was copied from, and is

23   substantially similar to, Plaintiffs' distinctive garment design marked P5, as can

24   be seen here:

25

26

27

28

P5 (Plaintiffs' Design)          D5 (Defendant's Design)



118. Defendant Henderson intentionally deceived third parties through Defendant Oh Polly and/or Defendant Oh Polly Scotland about her design of the garment marked D5 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P5, both as shown in the preceding paragraph.

119. Defendant Henderson made false or misleading representations of fact through Defendant Oh Polly and/or Defendant Oh Polly Scotland in connection with her design of the garment marked D6 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P6, as can be seen here:

P6 (Plaintiffs' Design)          D6 (Defendant's Design)



120.   Defendant Henderson intentionally deceived third parties through Defendant Oh Polly and/or Defendant Oh Polly Scotland about her design of the garment marked D6 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P6, both as shown in the preceding paragraph.

121.   Defendant Henderson made false or misleading representations of fact through Defendant Oh Polly and/or Defendant Oh Polly Scotland in connection with her design of the garment marked D7 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P7, as can be seen here:

P7 (Plaintiffs' Design)                    D7 (Defendant's Design)

   

122.   Defendant Henderson intentionally deceived third parties through Defendant Oh Polly and/or Defendant Oh Polly Scotland about her design of the garment marked D7 which was copied from, and is substantially similar to, Plaintiffs' distinctive garment design marked P7, both as shown in the preceding paragraph.

123.   Defendant Oh Polly made false or misleading representations of fact in connection with the design of the garments marked D1 to D7 which were copied from, and are substantially similar to, Plaintiffs' distinctive garment designs marked P1 to P7, all as shown in the preceding paragraphs.

124. Defendant Oh Polly intentionally deceived third parties about the design of the garments marked D1 to D7 which were copied from, and are substantially similar to, Plaintiffs' distinctive garment designs marked P1 to P7, all as shown in the preceding paragraphs.

125. Defendant Oh Polly Scotland made false or misleading representations of fact in connection with the design of the garments marked D1 to D7 which were copied from, and are substantially similar to, Plaintiffs' distinctive garment designs marked P1 to P7, all as shown in the preceding paragraphs.

126. Defendant Oh Polly Scotland intentionally deceived third parties about the design of the garments marked D1 to D7 which were copied from, and are substantially similar to, Plaintiffs' distinctive garment designs marked P1 to P7, all as shown in the preceding paragraphs.

127. Defendants have made false or misleading representations of fact in connection with the design of eleven other garments which were copied from, and are substantially similar to, eleven respective distinctive garment designs of Plaintiffs.

128. Defendants have intentionally deceived third parties about the design of eleven other garments which were copied from, and are substantially similar to, eleven respective distinctive garment designs of Plaintiffs.

129. Plaintiffs' business methods and marketing strategy include a distinctive style of packaging for their products.

130. In or around 2014, Plaintiffs changed their packaging from a bright pink color box with slogans in the appearance of handwriting printed thereon to a minimal design in a lighter shade of pink with a central logo, as shown here:

Plaintiffs' Former Packaging          Plaintiffs' New Packaging

          

131. In or around May 2018, Defendant Oh Polly Scotland and Defendant Oh Polly changed their packaging from a bright pink bag with slogans in the appearance of handwriting printed thereon to a minimal design in a lighter shade of pink with a central logo which constitute Plaintiff's Trade Dress, as shown here:

Defendants' Former Packaging          Defendants' New Packaging

          



132. Defendant Oh Polly Scotland and Defendant Oh Polly have adopted the same or substantially similar style of packaging of their products in comparison to Plaintiffs' packaging.

133. Plaintiffs' business methods and marketing strategy include a distinctive design and layout, look and feel, concept, style, color scheme, presentation and content of their website, as can be seen here:

      

134.   Defendants have adopted the same or substantially similar style design and layout, look and feel, concept, style, color scheme, presentation and content of the Oh Polly website in comparison to Plaintiffs' website, as can be seen here:

135.   Plaintiffs' business methods and marketing strategy include a distinctive use of social media to market and promote their products.

136.   Defendants have adopted the same or substantially similar use of social media to market and promote their products in comparison to Plaintiffs' use of social media.

   

137.   Defendant Henderson intentionally modified the aesthetics of the Oh Polly social media presence to make it look like Plaintiffs' House of CB Brand websites.

138.   Social media posts show the public's confusion and mistaken belief that Defendants Oh Polly and Oh Polly Scotland are associated with Plaintiffs' House of CB Brand.

139.   Plaintiffs' business methods and marketing strategy include a selection of distinctive models and distinctive locations, themes and styling of respective photoshoots to market and promote their products.

140.   Defendant Henderson has acknowledged that the look of a brand's photoshoots – including hair, make-up, posing and location – is key.

141.   Defendants have used the same models in their photoshoots that Plaintiffs used in their photoshoots.

142. Defendants have used the same locations, themes and styling of photoshoots to market and promote their products in comparison to Plaintiffs' photoshoots.

143. Defendant Branney exchanged emails with a modelling agency instructing the agency to have their pictures emulate the style of the House of CB.

144. Defendant Branney exchanged emails with a photographer instructing the photographer to provide images in the style of the House of CB images.

145. Email correspondence received by Defendant Henderson noted that certain locations for photoshoots were found that were quite like the House of CB latest campaign.

146. Email correspondence received by Defendant Henderson noted that most of the inspiration for Defendants' marketing campaign were drawn from House of CB campaigns.

147. Defendants have demonstrated a clear course of conduct, often within weeks, to use identical locations for their photoshoots as those used by Plaintiffs.

148. Defendant Henderson monitored the poses of the House of CB's models and instructed a photographer, in writing, that she wanted the models similarly posed for Defendants' photoshoots.

149. In early 2016, Defendant Henderson corresponded with a modelling agency via email noting that Defendants were seeking to emulate the style of Plaintiffs' House of CB Brand.

150. Twelve of thirteen models that first posed for Plaintiffs' photoshoots were subsequently hired by Defendants to pose in Defendants' photoshoots.

151. Plaintiffs' business methods and marketing strategy include generating publicity by having influencers and celebrities wearing their garments.

152. Defendants have adopted the same or substantially similar business method and marketing strategy of having influencers and celebrities wearing their garments.

153. Plaintiffs' business methods and marketing strategy include providing consumers with figure-hugging bandage and bodycon dresses.

154. Defendants have adopted the same or substantially similar business method and marketing strategy of providing consumers with figure-hugging bandage and bodycon dresses.

155. Plaintiffs' business methods and marketing strategy include presenting their designs using "flatlays" –images of garments laid flat, as shown here:



156. Defendants have adopted the same or substantially similar business method and marketing strategy of presenting their designs using flatlays, as shown here:

157. Defendants intentionally copied Plaintiffs' House of CB Brand, and everything about it including the clothing styles, models, poses, website layout, photoshoot locations; color schemes, and so on.

158. Defendant Henderson directed the staff of Defendant Oh Polly Scotland and/or Defendant Oh Polly to hire the same models, rent the same locations, adopt

similar hair and makeup, adopt similar flatlays, follow the change in the House of CB packaging and adopt a similar website as the House of CB.

159. On or around April 19, 2016, Plaintiff OBTC notified Defendant Branney that certain garments sold by Defendant Oh Polly Scotland infringed Plaintiff OBTC's design rights in the United Kingdom.

160. Defendant Branney did not respond to the first notification from Plaintiff OBTC.

161. On or around November 25, 2016, Plaintiff OBTC notified Defendant Branney that certain other garments sold by Defendant Oh Polly Scotland infringed Plaintiff OBTC's design rights in the United Kingdom.

162. Defendant Branney did not respond to the second notification from Plaintiff OBTC.

163. On June 6, 2018, Plaintiff OBTC notified Defendants Oh Polly Scotland, Henderson and Branney of the misappropriation of Plaintiffs' distinctive garment designs.

164. Defendants Oh Polly Scotland, Henderson and Branney did not respond to the third notification from Plaintiff OBTC.

165. Plaintiffs OBTC and Linhope initiated a proceeding against Defendants Oh Polly Scotland, Henderson and Branney in the High Court of Justice Business and Property Courts of England and Wales (the "UK Court"), Case No. IL-2018-000105 (the "UK Case").

166. After a hearing in the UK Case held on November 30 and December 1, 2, 3, 4, 9, 10 and 21, 2020, the UK Court issued an Approved Judgment dated February 24, 2021 (the "First Approved Judgment").

167. A copy of the First Approved Judgment is attached hereto and made a part hereof as **Exhibit D**.

168. After a hearing in the UK Case held on October 25, 26, 27 and 29, 2021, the UK Court issued an Approved Judgment dated December 20, 2021 (the "Second Approved Judgment").

169. A copy of the Second Approved Judgment is attached hereto and made a part hereof as **Exhibit E**.

170. The UK Court found, "Ms Henderson has lied to the court."  Exhibit D, p. 10, ¶¶ 33, 51 and 52.

171. The UK Court found, "Whilst Ms Henderson, the named designer of the relevant garments, has denied copying, I have held her not to be an honest witness, and I have discounted her evidence unless it is corroborated by other evidence."  Exhibit D, p. 119, ¶ 509.

172. The UK Court found that Defendant Henderson flaunted "at least an attitude of *couldn't care less* about the rights of others: a designer, as Ms Henderson claimed to be, of her years of experience ought to have known (if she did not in fact know) that such activity was not lawful."  Exhibit D, p. 119-120, ¶ 509 (emphasis in original).

173. The UK Court found that "Dr Branney was a dishonest witness, and that his evidence is not to be believed unless corroborated by independent means (such as contemporaneous documents)."  Exhibit E, p. 6, ¶ 23.

174. The UK Court found that "I am unable to conclude otherwise than that Dr Branney has fallen short in his honesty to the court. "  Exhibit E, p. 6, ¶ 41.

175. Defendants have continued to misappropriate and emulate Plaintiffs' House of CB Brand at least through 2020.

176. On information and belief, Defendants continue to misappropriate and emulate Plaintiffs' House of CB Brand through 2021.

## **COUNT 1**

### **False Designation of Origin and False Descriptions (15 U.S.C. § 1125(a))**
### **As to Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly**

177. Plaintiffs re-allege and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 194 as though they were set forth fully herein.

178. By copying Plaintiffs' distinctive garment designs, Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly have misrepresented to the public that the Oh Polly Brand is related to Plaintiff's House of CB Brand.

179. By copying Plaintiffs' distinctive packaging, Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly have misrepresented to the public that the Oh Polly Brand is a brand related to Plaintiff's House of CB Brand.

180. By copying Plaintiffs' design and layout, look and feel, concept, style, color scheme, presentation and content of their websites, Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly have misrepresented to the public that the Oh Polly Brand is related to Plaintiff's House of CB Brand.

181. Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly adopted a course of conduct to emulate the style of Plaintiffs' photoshoots as evidenced by the use of the same models and the similarity of poses in identical locations so as to deceive consumers.

182. By copying the style of Plaintiffs' photoshoots, Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly have misrepresented to the public that the Oh Polly Brand is related to Plaintiff's House of CB Brand.

183. By copying Plaintiffs' presentation of their designs using flatlays, Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly have misrepresented to the public that the Oh Polly Brand is related to Plaintiff's House of CB Brand.

184. Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly intentionally represented themselves as offering the same brand that was and continues to be offered by Plaintiffs.

185.  Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly intentionally misappropriated Plaintiffs' Trade Dress associated with their distinctive House of CB Brand.

186.  The misappropriation of Plaintiffs' Trade Dress, or portions thereof, by Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly causes consumers to be confused regarding the affiliation of said Defendants with Plaintiffs.

187.  The misappropriation of Plaintiffs' Trade Dress, or portions thereof, by Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly causes consumers to be confused regarding the source of said Defendants' products.

188.  The actions of Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly constitute violations of 15 U.S.C. § 1125(a)(1)(A) because such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of said Defendants with Plaintiffs and/or as to the origin, sponsorship, and/or approval of said Defendants' products by Plaintiffs.

189.  The actions of Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly constitute violations of 15 U.S.C. § 1125(a)(1)(B) in connection with commercial advertising or promotion of Defendant Oh Polly's products because such actions misrepresent the nature, characteristics, qualities, or geographic origin of said Defendants' products.

190.  Plaintiffs have been damaged as a result of the violations of 15 U.S.C. § 1125(a)(1) perpetrated by Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly.

191.  The sales by Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly of their products have resulted in lost sales to Plaintiffs, have reduced the business and profits of Plaintiffs, and have greatly injured the general reputation and goodwill of Plaintiffs, all to Plaintiffs' damage in an amount not

1  yet ascertainable, but that will be determined during this Civil Action or to be
2  considered in relation to a request for statutory damages.

3  192.  Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly, through the
4  sale of their products in violation of 15 U.S.C. § 1125(a)(1), have derived,
5  received, and will continue to derive and receive, gains, profits, and advantages
6  in an amount to be determined during this Civil Action or to be considered in
7  relation to a request for statutory damages.

8  ## COUNT 2

9  ## False Designation of Origin and False Descriptions (15 U.S.C. § 1125(a))
10 ## As to Defendants Henderson and Branney

12 193.  Plaintiffs re-allege and incorporate by this reference each and every allegation
13 set forth in Paragraphs 1 to 194 as though they were set forth fully herein.

14 194.  On information and belief, Defendant Oh Polly is and has been so controlled
15 and dominated by Defendant Henderson that the independence of Defendant
16 Oh Polly has in effect ceased or has never begun, such that Defendant
17 Henderson is and has been an "alter ego" of Defendant Oh Polly.

18 195.  On information and belief, Defendant Oh Polly Scotland is and has been so
19 controlled and dominated by Defendant Henderson that the independence of
20 Defendant Oh Polly Scotland has in effect ceased or has never begun, such that
21 Defendant Henderson is and has been an "alter ego" of Defendant Oh Polly
22 Scotland.

23 196.  By copying Plaintiffs' distinctive garment designs, Defendant Henderson has
24 misrepresented to the public that the Oh Polly Brand is a brand related to
25 Plaintiff's House of CB Brand.

26 197.  By copying Plaintiffs' distinctive packaging, Defendant Henderson has
27 misrepresented to the public that the Oh Polly Brand is a brand related to
28 Plaintiff's House of CB Brand.

198. By copying Plaintiffs' design and layout, look and feel, concept, style, color scheme, presentation and content of their websites, Defendants Henderson and Branney have misrepresented to the public that the Oh Polly Brand is a brand related to Plaintiff's House of CB Brand.

199. Defendants Henderson and Branney adopted a course of conduct to emulate the style of Plaintiffs' photoshoots as evidenced by the use of the same models and the similarity of poses in identical locations so as to deceive consumers.

200. By copying the style of Plaintiffs' photoshoots, Defendants Henderson and Branney have misrepresented to the public that the Oh Polly Brand is a brand related to Plaintiff's House of CB Brand.

201. By copying Plaintiffs' presentation of their designs using flatlays, Defendants Henderson and Branney have misrepresented to the public that the Oh Polly Brand is a brand related to Plaintiff's House of CB Brand.

202. Defendant Henderson has intentionally represented herself as offering the same brand that was and continues to be offered by Plaintiffs.

203. Defendants Henderson and Branney have intentionally misappropriated Plaintiffs' Trade Dress associated with their distinctive House of CB Brand.

204. The misappropriation by Defendants Henderson and Branney of Plaintiffs' Trade Dress, or portions thereof, causes consumers to be confused regarding the affiliation of Defendant Oh Polly and Defendant Oh Polly Scotland with Plaintiffs.

205. The misappropriation by Defendants Henderson and Branney of Plaintiffs' Trade Dress, or portions thereof, causes consumers to be confused regarding the source of Defendant Oh Polly's and Defendant Oh Polly Scotland's products.

206. The actions of Defendants Henderson and Branney constitute violations of 15 U.S.C. §1125(a)(1)(A) because such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association

of Defendant Oh Polly and Defendant Oh Polly Scotland with Plaintiffs and/or as to the origin, sponsorship, and/or approval by Plaintiffs of the products of Defendant Oh Polly and Defendant Oh Polly Scotland.

207. The actions of Defendants Henderson and Branney constitute violations of 15 U.S.C. §1125(a)(1)(B) in connection with commercial advertising or promotion of Defendant Oh Polly's and Defendant Oh Polly Scotland's products because such actions misrepresent the nature, characteristics, qualities, or geographic origin of Defendant Oh Polly's and Defendant Oh Polly Scotland's products.

208. Plaintiffs have been damaged as a result of the violations of 15 U.S.C. §1125(a)(1) perpetrated by Defendants Henderson and Branney.

209. The sales by Defendants Henderson and Branney of Defendant Oh Polly's and Defendant Oh Polly Scotland's products have resulted in lost sales to Plaintiffs, have reduced the business and profits of Plaintiffs, and have greatly injured the general reputation and goodwill of Plaintiffs, all to Plaintiffs' damage in an amount not yet ascertainable, but that will be determined during this Civil Action or to be considered in relation to a request for statutory damages.

210. Defendants Henderson and Branney, through the sale of Defendant Oh Polly's and Defendant Oh Polly Scotland's products in violation of 15 U.S.C. § 1125(a)(1), have derived, received, and will continue to derive and receive, gains, profits, and advantages in an amount to be determined during this Civil Action or to be considered in relation to a request for statutory damages.

## **COUNT 3**

## **Dilution by Tarnishment (15 U.S.C. § 1125(c)(1))**

## **As to Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly**

211. Plaintiffs re-allege and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 194 as though they were set forth fully herein.

212. Plaintiffs' House of CB Brand constitutes a famous mark that has acquired distinctiveness.

213. Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly acted intentionally and/or willfully in emulating Plaintiffs' House of CB Brand, knowing that the House of CB Brand belonged to Plaintiffs and that their actions were likely to cause, and have caused, dilution by blurring or dilution by tarnishment of the House of CB Brand, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury, in violation of 15 U.S.C. § 1125(c)(1).

214. The actions of Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly were willful, committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of said Defendants' products with Plaintiffs.

215. The wrongful actions perpetrated by Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly, directly and/or in contributory or vicarious manner, have caused, and will continue to cause, Plaintiffs irreparable harm unless Defendants are enjoined by this Court.

216. Pursuant to 15 U.S.C. § 1125(c)(1), Plaintiffs request an order of this Court enjoining Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly to cease and desist such wrongful actions that have caused, and will continue to cause, Plaintiffs irreparable harm.

## **COUNT 4**

### **Dilution by Tarnishment (15 U.S.C. § 1125(c)(1))**
### **As to Defendants Henderson and Branney**

217. Plaintiffs re-allege and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 194 as though they were set forth fully herein.

218.  Plaintiffs' House of CB Brand constitutes a famous mark that has acquired distinctiveness.

219.  On information and belief, Defendant Oh Polly is and has been so controlled and dominated by Defendant Henderson that the independence of Defendant Oh Polly has in effect ceased or has never begun, such that Defendant Henderson is and has been an "alter ego" of Defendant Oh Polly.

220.  On information and belief, Defendant Oh Polly Scotland is and has been so controlled and dominated by Defendant Henderson that the independence of Defendant Oh Polly Scotland has in effect ceased or has never begun, such that Defendant Henderson is and has been an "alter ego" of Defendant Oh Polly Scotland.

221.  Defendants Henderson and Branney acted intentionally and/or willfully in emulating Plaintiffs' House of CB Brand, knowing that the House of CB Brand belonged to Plaintiffs and that their actions were likely to cause, and have caused, dilution by blurring or dilution by tarnishment of the House of CB Brand, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury, in violation of 15 U.S.C. § 1125(c)(1).

222.  The actions of Defendants Henderson and Branney were willful, committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant Oh Polly's and/or Defendant Oh Polly's products with Plaintiffs.

223.  The actions of Defendants Henderson and Branney were willful, committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant Oh Polly Scotland and/or Defendant Oh Polly Scotland's products with Plaintiffs.

224. The wrongful actions perpetrated by Defendants Henderson and Branney, directly and/or in contributory or vicarious manner, have caused, and will continue to cause, Plaintiffs irreparable harm unless Defendant Henderson is enjoined by this Court.

225. Pursuant to 15 U.S.C. § 1125(c)(1), Plaintiffs request an order of this Court enjoining Defendants Henderson and Branney to cease and desist such wrongful actions that have caused, and will continue to cause, Plaintiffs irreparable harm.

**COUNT 5**

**Statutory Unfair Practices as to all Defendants**

**(Cal.Bus. & Prof.Code § 17000 *et seq*.)**

226. Plaintiffs re-allege and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 194 as though they were set forth fully herein.

227. Defendant Henderson fraudulently, misleadingly, and intentionally misrepresented that she was the original designer of certain garments sold by Defendant Oh Polly and Defendant Oh Polly Scotland.

228. Defendants acted intentionally, willfully and/or fraudulently in emulating Plaintiffs' House of CB Brand, knowing that the House of CB Brand belonged to Plaintiffs and that their actions were likely to cause, and have caused, confusion and mistake, and to mislead and/or deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendants and their products with Plaintiffs.

229. Defendants made and disseminated, and/or caused to be made or disseminated, untrue and misleading statements which they knew to be untrue or misleading regarding the offering for sale and the sale of Defendants' products to the public.

230. Defendants' misappropriation of Plaintiffs' Trade Dress, or portions thereof, causes consumers to be confused regarding the affiliation of Defendants with Plaintiffs.

231. Defendants' misappropriation of Plaintiffs' Trade Dress, or portions thereof, causes consumers to be confused regarding the source of Defendants' products.

232. Defendants' misappropriation of Plaintiffs' Trade Dress, or portions thereof, constitutes an unfair or fraudulent business act or practice.

233. Defendants' misappropriation of Plaintiffs' Trade Dress, or portions thereof, constitutes untrue or misleading advertising.

234. Defendants' actions constitute unfair competition because such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs and/or as to the origin, sponsorship, and/or approval of Defendants' products by Plaintiffs.

235. Defendants' actions constitute unfair competition in connection with commercial advertising or promotion of Defendants' products because such uses misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' products.

236. Plaintiffs have suffered damages by way of lost sales and lost profits caused by Defendants' unfair competition practices whereby Defendants have derived, received, and will continue to derive and receive, gains, profits, and advantages in an amount to be determined during this Civil Action or to be considered in relation to a request for statutory damages.

237. Defendants' wrongful actions, directly and/or in contributory or vicarious manner, have caused, and will continue to cause, Plaintiffs irreparable harm unless Defendants are enjoined by this Court.

## COUNT 6

### Negligent Interference with Prospective Economic Relations
### as to all Defendants

238. Plaintiffs re-allege and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 194 as though they were set forth fully herein.

239. Defendant Henderson fraudulently, misleadingly, and intentionally misrepresented that she was the original designer of certain garments sold by Defendant Oh Polly and Defendant Oh Polly Scotland.

240. Defendants acted intentionally, willfully and/or fraudulently in emulating Plaintiffs' House of CB Brand, knowing that the House of CB Brand belonged to Plaintiffs and that their actions were likely to cause, and have caused, confusion and mistake, and to mislead and/or deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendants and Defendants' products with Plaintiffs.

241. Defendants' misappropriation of Plaintiffs' Trade Dress, or portions thereof, causes consumers to be confused regarding the source, sponsorship, and/or affiliation of Defendants' products with Plaintiffs.

242. Defendants' misappropriation of Plaintiffs' Trade Dress, or portions thereof, constitutes a representation that Defendants' products are of the particular standard, quality, or grade equivalent to that of Plaintiffs' products.

243. Defendants' misappropriation of Plaintiffs' Trade Dress, or portions thereof, constitutes unfair methods of competition and unfair or deceptive acts or practices.

244. Defendants' conduct was deceptive and such deception caused Plaintiffs to be harmed.

245. Plaintiffs have suffered damages caused by Defendants' unfair methods of competition and unfair or deceptive acts or practices whereby Defendants have derived, received, and will continue to derive and receive, gains, profits, and

advantages in an amount to be determined during this Civil Action or to be considered in relation to a request for statutory damages.

246.  Plaintiffs had an ongoing business relationship with customers residing in California through Plaintiff Sirens Design's West Hollywood, CA retail store and Plaintiffs' websites located at URLs www.celebboutique.com, www.houseofcb.com and www.mistressrocks.com, through which Plaintiffs sold and continue to offer for sale their distinctive women's fashions under Plaintiffs' House of CB Brand to customers residing in California.

247.  Plaintiffs' ongoing business relationship with customers residing in California would have resulted in a greater future economic benefit to Plaintiffs but for Defendants' wrongful conduct.

248.  Defendants knew or should have known of this relationship between Plaintiff and their customers residing in California.

249.  Defendants knew or should have known this relationship between Plaintiff and their customers residing in California would be disrupted if Defendants failed to act with reasonable care.

250.  Defendants failed to act with reasonable care and engaged in wrongful conduct, including by making false and misleading representations of fact in their advertising and promotional materials.

251.  Defendants disseminated or caused to be disseminated the false and misleading representations of fact to the residents of California including Plaintiffs' customers residing in California.

252.  The relationship between Plaintiffs and their customers residing in California has been disrupted, resulting in economic harm to Plaintiffs.

253.  Defendants' wrongful conduct was a substantial factor in causing the harm to Plaintiffs.

## **COUNT 7**
### **Common law tort of unfair competition as to all Defendants**

254. Plaintiffs re-allege and incorporate by this reference each and every allegation set forth in Paragraphs 1 to 194 as though they were set forth fully herein.

255. Plaintiffs have continuously used the House of CB Brand in connection with Plaintiffs' products such that the House of CB Brand is recognized in the public mind as a single source of origin of Plaintiffs' products.

256. Defendant Henderson fraudulently, misleadingly, and intentionally misrepresented that she was the original designer of certain garments sold by Defendant Oh Polly and Defendant Oh Polly Scotland.

257. Defendants acted intentionally, willfully and/or fraudulently in emulating Plaintiffs' House of CB Brand, knowing that the House of CB Brand belonged to Plaintiffs and that their actions were likely to cause, and have caused, confusion and mistake, and to mislead and/or deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendants' products with Plaintiffs.

258. Defendants' misappropriation of Plaintiffs' Trade Dress, or portions thereof, causes consumers to be confused regarding the source, sponsorship, and/or affiliation of Defendants and Defendants' products with Plaintiffs.

259. Defendants' continued use of Plaintiffs' Trade Dress and emulation of Plaintiffs' House of CB Brand constitute conditions from which public confusion will continue to amass.

260. Plaintiffs have suffered damages caused by Defendants' unfair methods of competition and unfair or deceptive acts or practices whereby Defendants have derived, received, and will continue to derive and receive, gains, profits, and advantages in an amount to be determined during this Civil Action or to be considered in relation to a request for statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs hereby respectfully requests the following relief against

Defendants as follows:

1. An award pursuant to 15 U.S.C. § 1117(a) of Plaintiffs' costs and fees incurred in this action for Defendants' violations of 15 U.S.C. §1125(a)(1);

2. An award of injunctive relief under 15 U.S.C. §1125(c)(1) prohibiting Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly and their respective owners, agents, servants, employees, and representatives and all persons in active concert and participation with it, including but not limited to Defendants Henderson and Branney, and all other affiliated entities acting under Defendants Henderson's and/or Branney's authority, during the pendency of this action and permanently thereafter, from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including Defendants' emulation of Plaintiffs' House of CB Brand and Defendants' misappropriation of Plaintiffs' Trade Dress;

3. Pursuant to Cal.Bus. & Prof.Code § 17000 *et seq.* and to the extent not duplicated by the award sought above, an award of Plaintiffs' costs and fees incurred in this action and damages according to proof proximately caused by Defendants' unfair methods of competition and unfair or deceptive acts or practices;

4. Pursuant to Cal.Bus. & Prof.Code § 17203, an order of this Court enjoining Defendants to cease and desist such wrongful actions that have caused, and will continue to cause, Plaintiffs irreparable harm;

5. Pursuant to Cal.Bus. & Prof.Code § 17203, an order of this Court appointing a receiver to prevent the further use or employment by Defendants of such practices which constitute unfair competition, or as may be necessary to pay to Plaintiffs any money which may be awarded in connection with this action in view of Defendants' unlawful actions;

6.      Pursuant to Cal.Civ.Code § 3333 and to the extent not duplicated by the awards sought above, an award of Plaintiffs' costs and fees incurred in this action which will compensate Plaintiffs for the detriment proximately caused by Defendants' unfair methods of competition and unfair or deceptive acts or practices, whether such damages could have been anticipated or not;

7.      An order of the Court ordering Defendants to provide complete accountings for equitable relief;

8.      An order of the Court ordering an asset freeze or constructive trust be imposed over all of the ill-gotten monies and profits received by Defendants Henderson and Branney;

9.      An order of the Court ordering an asset freeze or constructive trust be imposed over all of the ill-gotten monies and profits received by Defendants Oh Polly Scotland, Brannerson Scotland and Oh Polly;

10.     An order of the Court finding that Defendant Oh Polly is so controlled and dominated by Defendant Henderson that justice requires any and all liability imposed by this Court on Defendant Oh Polly to be concurrently imposed on Defendant Henderson and her successors and assigns;

11.     An order of the Court finding that Defendant Oh Polly Scotland is so controlled and dominated by Defendant Henderson that justice requires any and all liability imposed by this Court on Defendant Oh Polly Scotland to be concurrently imposed on Defendant Henderson and her successors and assigns; and

12.     Such other and further relief as the Court may deem just and equitable.

1

DATED:  January 31, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

WITHERS BERGMAN LLP

By:        /s/ Deborah Greaves

Deborah Greaves (CA 186454)
Robert L. Rispoli (CT 20661)
WITHERS BERGMAN LLP
10250 Constellation Blvd,, Suite 1400
Los Angeles, CA  90067
Telephone: 310-277-90067
Deborah.Greaves@withersworldwide.com
Robert.Rispoli@withersworldwide.com

Attorneys for Plaintiffs
Original Beauty Technology Co., Ltd.,
Linhope International Ltd., House of CB
USA, LLC and Sirens Design, LLC
Original Beauty Technology Co., Ltd.,
Linhope International Ltd., House of CB
USA, LLC and Sirens Design, LLC

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby

3   demand a trial by jury for all issues so triable in this action.

4

5   DATED:  January 31, 2021            Respectfully submitted,

6                                       WITHERS BERGMAN LLP

7

8

9                                By:        /s/ Deborah Greaves

10                                    Deborah Greaves (CA 186454)
                                      Robert L. Rispoli (CT 20661)
11                                    WITHERS BERGMAN LLP
                                      10250 Constellation Blvd., Suite 1400
12                                    Los Angeles, CA  90067
                                      Telephone: 310-277-90067
13                                    Deborah.Greaves@withersworldwide.com
                                      Robert.Rispoli@withersworldwide.com
14
                                      Attorneys for Plaintiffs
15                                    Original Beauty Technology Co., Ltd.,
                                      Linhope International Ltd., House of CB
16                                    USA, LLC and Sirens Design, LLC
                                      Original Beauty Technology Co., Ltd.,
17                                    Linhope International Ltd., House of CB
                                      USA, LLC and Sirens Design, LLC
18

19

20

21

22

23

24

25

26

27

28